**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorney for Plaintiff Louis Noble-Perez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS NOBLE-PEREZ,<br><br>　　Plaintiff,<br><br>vs.<br><br>GARY ROBINSON; and DOES 1 through 10, inclusive,<br><br>　　Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Violation Of 42 U.S.C. § 1983; Fourth Amendment Rights – Unlawful Arrest;<br>2. Violation Of 42 U.S.C. § 1983; First Amendment Rights – Freedom of Speech;<br>3. Violation Of Fourth Amendment Rights – Excessive Force;<br>4. Violation of Fourteenth Amendment – Deliberate Fabrication of Evidence.<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW** Plaintiff Luis Noble-Perez and shows this honorable court the following:

COMPLAINT FOR DAMAGES
1

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff's claims are timely brought as the statute of limitations has been tolled. The California Judicial Council enacted Emergency Rule 9 which tolled the statute of limitations for all civil actions from April 6, 2020 to October 1, 2020. Plaintiff's claims are also tolled pursuant to Cal. Code of Civil Proc. § 352.1 and Cal. Government Code § 945.3.

## GENERAL ALLEGATIONS

4. Plaintiff Luis Noble-Perez, hereinafter referred to as "NOBLE" or "Plaintiff NOBLE", is a natural person, who, at all times complained of in this action, resided in the County of San Bernardino, State of California.

5. Defendant Gary Robinson, hereinafter also referred to as "ROBINSON" is and at all times complained of herein, was, a peace officer, a police officer, employed by the California Highway Patrol, acting as an individual person under the color of state law, in his individual capacity and was acting in the

course of and within the scope of his employment with the California Highway Patrol.

6. Defendants DOES 1 through 6, inclusive, are sworn peace officers, and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of the California Highway Patrol and/or otherwise employed by the State of California or by some other law enforcement agency, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

7. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the California Highway Patrol, and were acting in the course of and within the scope of their employment with the California Highway Patrol and/or with some other public / municipal entity.

8. Defendants DOES 7 through 10, inclusive, are sworn peace officers, Chief and/or the Assistant Chiefs and/or Commanders and/or Captains and/or

COMPLAINT FOR DAMAGES

3

Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the California Highway Patrol and/or with some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Ontario Police Department for, *inter alia*,: 1) for using excessive force upon persona; 2) unlawfully arresting persons; 3) fabricating evidence; and 4) covering up tortious conduct by California Highway Patrol peace officers.

9. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the California Highway Patrol, and/or some other public official(s) with the California Highway Patrol and/or with some other public entity, and were acting in the course of and within the scope of

their employment with the California Highway Patrol and/or with some other public entity.

10. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the California Highway Patrol.

11. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

12. In addition to the above and foregoing, Defendant ROBINSON and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

13. Defendants ROBINSON and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

14. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Unlawful Arrest / Detention
**(Against ROBINSON and DOES 1 through 6, inclusive)**

15. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14, inclusive, above, as if set forth in full herein.

16. Plaintiff NOBLE is a well known and respected homeless advocate in the County of Orange. NOBLE has dedicated a large part of his life to advocating for and caring for the homeless members of our community.

17. On September 26, 2019, NOBLE was aware that a group of homeless persons near Lemon Street and Patt Street in Anaheim, California had been ordered to vacate the area and that some of the persons there were in the process of moving their belongings.

18. On September 26, 2019, NOBLE drove his vehicle to the area where the persons were located to generally check on them and to assist them moving out of the area.

19. While NOBLE was speaking with one of the persons in the area, a

California Highway Patrol officer generally told everyone in the area that they needed to leave.

20. NOBLE said, "Okay" to the patrolman.

21. NOBLE then asked the patrolman for his name and badge number because there were rumors of individuals impersonating peace officers and stealing from persons in that area.

22. The patrolman ignored NOBLE's question and walked away.

23. There were now several patrolmen at the scene, including ROBINSON and DOES 1 through 6, inclusive.

24. NOBLE again loudly asked for the name and badge numbers of the patrolmen, including ROBINSON and DOES 1 through 6, inclusive.

25. NOBLE was openly video recording his interaction with the patrolmen.

26. One of patrolman walked up to NOBLE and gave him his name. He then told NOBLE that he had to leave.

27. NOBLE then began to leave the area and walked away.

28. As NOBLE was complying with the patrolman's order to leave, and was walking away, ROBINSON told NOBLE to stop.

29. NOBLE complied and stopped. NOBLE also asked for ROBINSON's name and badge number. NOBLE was still recording his interaction with the patrolmen.

COMPLAINT FOR DAMAGES

7

30. ROBINSON and DOES 1 through 6, inclusive, were aware that NOBLE was a homeless advocate.

31. ROBINSON ordered NOBLE to present his identification.

32. When NOBLE said that he was not going to present his identification and that he was leaving as instructed, ROBINSON and DOES 1 through 6, inclusive, placed NOBLE in a wrist lock, causing pain to NOBLE, and then slammed NOBLE to the ground and arrested him. NOBLE never physically resisted ROBINSON and DOES 1 through 6, inclusive.

33. NOBLE was then taken to the University of California, Irvine Medical Center for treatment to the injuries he sustained during this incident.

34. After NOBLE was released from the hospital, he was booked at the Orange County Jail.

35. ROBINSON then authored a police report regarding the incident. ROBINSON's report contains several intentional misrepresentations.

36. Some of these misrepresentations include alleging that NOBLE physically resisted ROBINSON and that NOBLE refused to leave the area. ROBINSON also intentionally misrepresented in his report that NOBLE walked back towards ROBINSON after NOBLE had already started to walk away. What actually happened is ROBINSON called NOBLE back towards him.

37. ROBINSON made these misrepresentations to induce the Orange County District Attorney's Office to prosecute NOBLE.

COMPLAINT FOR DAMAGES

38.     ROBINSON's report was forwarded to the Orange County District Attorney's Office who relied upon ROBINSON's report and ultimately prosecuted NOBLE.

39.     After reviewing the video recording of this incident, the Orange County District Attorney's Office ultimately dismissed the criminal action against NOBLE.

40.     The actions of ROBINSON and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of NOBLE's rights under the Fourth Amendment to the United States Constitution to be free from arrest without probable cause or detained without reasonable suspicion.

41.     As a direct and proximate result of the actions of ROBINSON and DOES 1 through 6, inclusive, as complained of herein, NOBLE: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses, including attorney's fees and other expenses, in an amount to be proven at trial which is in excess of $2,000,000.00.

42.     The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of NOBLE's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial which is in excess of $1,000,000.00.

# SECOND CAUSE OF ACTION
# VIOLATION OF 42 U.S.C. § 1983
**Violation of First Amendment Rights - Freedom of Speech**
**(Against ROBINSON and DOES 1 through 6, inclusive)**

43. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42, inclusive, above, as if set forth in full herein.

44. Moreover, the conduct of Defendant ROBINSON and DOES 1 through 6, inclusive, violated NOBLE's right to freedom of speech, specifically when ROBINSON and DOES 1 through 6, inclusive retaliated against NOBLE for asking for their names and badge numbers as well as video recording ROBINSON and DOES 1 through 6, inclusive.

45. A substantial or motivating factor in the decisions of the various defendants to take the adverse actions against plaintiff as complained of above and below, was Plaintiff's exercise of his right to freedom of speech under the First Amendment to the United States Constitution.

46. Moreover, said defendants would not have taken said adverse actions against plaintiff, had plaintiff not exercised his right to freedom of speech under the First Amendment to the United States Constitution.

47. The conduct of ROBINSON and DOES 1 through 6, inclusive, would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity.

48. As a direct and proximate result of said adverse actions taken against said plaintiff by said defendants as described above, plaintiff suffered serious bodily injury, severe mental and emotional distress, medical and psychological costs and expenses, lost wages / profits, attorney's fees and other special damages; all in an amount to be proven at trial, in excess of $2000,000.00.

49. The actions of defendants and each of them, as complained of herein, were done maliciously and in reckless disregard of plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $1,000,000.00.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights -
Excessive/Unreasonable Use of Force on Person
(Against ROBINSON and DOES 1 through 6, inclusive)**

50. Plaintiff hereby realleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 49 inclusive, above, as if set forth in full herein.

51. As mentioned above and in addition to the above and foregoing, when NOBLE was unlawfully arrested, he was physically brutalized by ROBINSON and DOES 1 through 6, inclusive.

52. The actions of Defendants ROBINSON and DOES 1 through 6, inclusive., as complained above herein, constituted a violation of NOBLE's rights under the Fourth Amendment to the United States Constitution to be free from the

COMPLAINT FOR DAMAGES
11

use of unlawful and unreasonable and excessive force upon her person.

53.  As a direct and proximate result of the actions of Defendants ROBINSON and DOES 1 through 6, inclusive., NOBLE was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $2,000,000.00.

54.  The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of NOBLE's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $1,000,000.00.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourteenth Amendment Rights -**
**Deliberate Fabrication of Evidence**
**(Against ROBINSON and DOES 1 through 6, inclusive)**

55.  Plaintiff hereby realleges and incorporates by reference the Allegations set forth in paragraphs 1 through 54, inclusive, above, as if set forth in full herein.

56.  ROBINSON and DOES 1 through 6, inclusive, deliberately fabricated evidence that was used to criminally charge and prosecute NOBLE.

57. The reports authored by ROBINSON and DOES 1 through 6, inclusive, are littered with intentional material misrepresentations.

58. The reports were ultimately submitted to the Orange County District Attorney's Office and relied upon during the prosecution of NOBLE.

59. Defendants knew that they were misrepresenting the facts of this incident and were deliberately indifferent to the fact that their misrepresentations were relied upon during the prosecution of NOBLE.

60. The actions of ROBINSON and DOES 1 through 6, inclusive, as Complained of herein, constituted a violation of NOBLE's rights under the Fourteenth Amendment to the United States Constitution.

61. As a direct and proximate result of the actions of Defendants ROBINSON and DOES 1 through 6, inclusive, inclusive, as complained of herein, NOBLE: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

62. The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of NOBLE's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial which is in excess of $1,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $2,000,000.00;

b) For a judgment against all defendants, for punitive damages in an amount in excess of $1,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

      /s/ Gregory Peacock_____
      GREGORY PEACOCK